**ATKINSON WAREHOUSING AND DISTRIBUTION, INC., Plaintiff,**

v.

**ECOLAB, INC., Defendant.**

**Civil No. H–99–106.**

United States District Court, D. Maryland.

Aug. 16, 2000.

Emil Hirsch, Freedman, Levy, Patrick J. Kearney, Kroll and Simonds, Arnold S. Albert, Law Office, Washington, DC, for Plaintiff.

Ellen R. Lokker, Margaret Ellen Kane Middleton, Hogan & Hartson, L.L.P., Washington, DC, Richard G. Morgan, Bowman and Brooke LLP, Minneapolis, MN, for Defendant.

## MEMORANDUM AND ORDER

ALEXANDER HARVEY, II, Senior District Judge.

Following extensive pretrial proceedings and the entry of a Pretrial Order and a Supplemental Pretrial Order, this case came on for trial before a jury on June 19, 2000. The trial lasted for some five days. Lengthy instructions were given to the jury by the Court. After deliberating for

more than five hours on June 23, 2000, the jury returned a verdict in favor of plaintiff Atkinson Warehousing and Distribution, Inc. ("AWD") and awarded damages in the amount of $275,000. Judgment was thereafter entered in favor of plaintiff AWD against defendant Ecolab, Inc. ("Ecolab") in the amount of $275,000, with costs.

Presently pending before the Court is Ecolab's motion for judgment as a matter of law and for a new trial, filed pursuant to Rules 50 and 59 of the Federal Rules of Civil Procedure. Memoranda and exhibits have been filed by the parties and reviewed by the Court. No hearing on the pending motion is deemed necessary. *See* Local Rule 105.6. For the reasons stated herein, defendant's motion for judgment as a matter of law and for a new trial will be denied.

## I

### *Applicable Legal Principles*

In ruling on a motion for judgment as a matter of law, the trial court should consider the record as a whole viewing the evidence presented in the light most favorable to the party against whom the motion is made. *Marder v. G.D. Searle & Co.*, 630 F.Supp. 1087, 1088 (D.Md.1986), *aff'd without op. sub nom., Wheelahan v. G.D. Searle & Co.*, 814 F.2d 655 (4th Cir.1987). In considering the record as a whole, the trial court must give the party against whom the motion is made the benefit of all reasonable inferences which arise from the evidence. *Holman v. Mark Indus., Inc.*, 610 F.Supp. 1195, 1198 (D.Md.1985), *aff'd*, 796 F.2d 473 (4th Cir.1986). If there is substantial evidence upon which a jury could reasonably find a verdict for the non-moving party, the motion should be denied. *Id.* The movant is not entitled to prevail if, based on the applicable law, the evidence presented at the trial raises questions upon which reasonable minds may differ. *Id.* at 1199.

On a motion for a new trial filed under Rule 59(b), a verdict may be set aside and a new trial granted when it would be in the interest of justice. *Aetna Casualty & Surety Company v. Yeatts*, 122 F.2d 350, 352 (4th Cir.1941). A motion for a new trial is addressed to the sound discretion of the trial court. *See Richmond v. Atlantic Company*, 273 F.2d 902 (4th Cir.1960). The burden of showing error rests on the party seeking a rehearing on the merits. 11 C. Wright & A. Miller, *Federal Practice and Procedure, Civil* § 2803, at 32 (1973).

## II

### *Discussion*

Defendant Ecolab asserts two grounds in support of the motion filed by it. First, Ecolab contends that the contract between the parties could be terminated by either party without cause on sixty days written notice and that plaintiff is precluded as a matter of law from recovering damages for losses which allegedly occurred after the sixty day period following Ecolab's alleged breach. Ecolab accordingly requests the Court to enter judgment as a matter of law pursuant to Rule 50 on plaintiff's claim for damages incurred beyond a sixty day period.

Second, Ecolab contends that the jury instructions concerning negligent misrepresentation and damages were erroneous and misleading and that Ecolab was unfairly prejudiced by such instructions. It is accordingly requested that the Court order a new trial on all issues pursuant to Rule 59.

This case was fully tried before the jury and was argued by experienced counsel. Plaintiff AWD prevailed and was awarded substantial damages. It is apparent that defendant's post trial motion is based essentially on its disagreement with the jury's ultimate findings on the facts.

According to defendant Ecolab, the sixty day termination provision contained in the Warehousing Agreement of November 3, 1998 was a part of the binding contract between the parties. It is further argued that Ecolab gave a proper notice of

termination and that plaintiff AWD is therefore not entitled to the recovery of any damages beyond the sixty day period. The Court is satisfied that on the evidence presented at the trial, it was reasonable for the jury to decide either one or both of those issues in favor of plaintiff AWD.

On two prior occasions, the Court has held that it was for the jury to determine what were the provisions of the binding contract between the parties and whether or not defendant had breached the contract found to exist between the parties. In its Memorandum and Order of November 22, 1999, this Court denied defendant's motion for summary judgment in part, ruling that it was for the jury to make a determination in the case concerning the terms and conditions of the contract between the parties, and that it was also for the jury to determine whether the contract was breached by Ecolab. (Slip op. at 8–13). In its Memorandum and Order of May 18, 2000, the Court, in denying Ecolab's motion *in limine* seeking to limit evidence on damages to the sixty day notice period, once again addressed that same issue. The Court concluded that, based on evidence of record, the jury would be entitled to conclude that the term of the contract was two years and that the termination provision in the Warehousing Agreement was not a part of the binding agreement between the parties. (Slip op. at 14).

Mr. Atkinson has consistently maintained that the binding contract between the parties contained a two year term and did not include a sixty day termination provision. He has argued that he would never have considered entering into a multi-year lease of a new warehouse if AWD's contract with Ecolab was subject to termination at any time on sixty days notice. Defendant Ecolab in turn relies on evidence indicating that the sixty day termination provision in the Warehousing Agreement of November 3, 1998 was intended by the parties to be a part of the contract between them. Following its review of its extensive notes taken during the trial, the Court is satisfied that, on the

evidence before it, the jury could reasonably find in favor of plaintiff AWD on this issue.

Even if the jury had found that the contract between the parties contained a sixty day notice of termination provision, it was presented in this case with the further question whether Ecolab in fact gave proper notice of termination. The provision relied upon by Ecolab required prior "written" notice. Evidence produced at the trial indicated that the notice given by Ecolab to AWD was oral. Defendant Ecolab argued that plaintiff waived the contractual requirement that written notice of termination had to be given to it, and the Court instructed the jury concerning this issue of waiver. On the evidence presented, this Court concludes that the jury could reasonably have found that there had been no such waiver and that, even if the sixty day termination provision was included in the contract between the parties, Ecolab had not given proper notice of its intention to terminate the contract.

Defendant Ecolab further argues that the Court should order a new trial because its instructions concerning negligent misrepresentation and damages were erroneous and misleading. As the Court noted in its instructions, defendant Ecolab asserted in this case the affirmative defense of negligent misrepresentation. The Court instructed the jury as follows:

> In order for defendant Ecolab to prevail on this defense [of negligent misrepresentation], it has the burden of proving by a preponderance of the evidence the following: (1) that plaintiff Atkinson misrepresented a present or past material fact; (2) that plaintiff Atkinson, owing defendant a duty of care, was negligent in making the misrepresentation; (3) that plaintiff Atkinson made the misrepresentation intending that defendant Ecolab would act in reliance on it; (4) that plaintiff Atkinson knew that defendant Ecolab probably would rely on the misrepresentation, which, if erroneous, would cause loss to the defendant; (5)

that defendant relied on the misrepresentation; and (6) that defendant's reliance was justified. If you find that defendant Ecolab has not met its burden of proving this defense, you should find for plaintiff Atkinson as to this defense. If you find that plaintiff Atkinson negligently misrepresented one or more material facts and that defendant Ecolab relied on plaintiff's misrepresentations in entering into the contract between the parties, you should find for defendant Ecolab as to this defense.

In instructing the jury as to the issue of damages, the Court said the following, *inter alia:*

> If you find that plaintiff Atkinson and defendant Ecolab entered into a binding contract whereby plaintiff would provide defendant with warehousing and distribution services for a period of two years and that this contract contained no provision giving defendant Ecolab the right to terminate the contract on sixty days notice, you may consider plaintiff's right to recover those damages which naturally arise from the breaking of the contract during the two year period following its effective date. If you find that one of the controlling terms of the binding contract between the parties was a provision giving defendant Ecolab the right to terminate the contract on sixty days oral[1] notice, and that Ecolab gave proper notice of termination, then you can consider evidence of damages only for the sixty day period following Ecolab's proper notice of termination of the contract.

During deliberations, the jury sent a note to the Court requesting a legal definition of "negligent misrepresentation." After discussing that note with counsel, the Court once again read the definition of negligent misrepresentation which it had previously given the jury.[2] In its note, the jury also asked "Is forgery (signing someone else's name) considered negligent misrepresentation?" After discussing that second question with counsel, the Court instructed the jury as follows:

> Forgery, in and of itself, is not negligent misrepresentation. Whether or not evidence of signing someone else's name under all the circumstances of this case, whether that would amount to negligent misrepresentation, must be determined by you after considering all of the evidence in accordance with the definition of negligent misrepresentation which I have given you.

■ In its pending motion, defendant Ecolab argues that the Court's instructions on negligent misrepresentation and damages are erroneous. The Court must disagree. Whether or not, as argued by defendant Ecolab, forgery is merely one form of misrepresentation, the Court properly instructed the jury that it should consider all of the elements of negligent misrepresentation before deciding whether or not evidence of signing someone else's name under the circumstances of the case amounted to negligent misrepresentation. The instruction was entirely proper. Were the jury to find merely that there had been forgery, that would not have satisfied Ecolab's burden of proving its defense. All the other elements of negligent misrepresentation would still have to be proved by Ecolab before it would be entitled to prevail on this defense. The jury was properly so instructed when the Court responded to its question.

■ Nor is there any merit to Ecolab's challenge to the Court's instruction on damages. In awarding damages in the amount of $275,000, the jury necessarily must have determined that the parties had entered into a binding contract covering a

---

1. As counsel for plaintiff pointed out, the word "oral" should have been "written." However, counsel waived his right to have the Court repeat the instruction with the word "written" included.

2. During the Court's discussion with counsel of the note received from the jury, one of defendant's attorneys stated that the Court's instruction concerning Ecolab's defense of negligent misrepresentation was "perfectly adequate."

period of two years and that this contract did not contain a provision giving Ecolab the right to terminate it on sixty days notice. In view of such a determination, it was of no consequence that the second part of the instruction advised the jury that, if it found that the contract between the parties contained a sixty day termination provision, it could consider evidence of damages only for the sixty day period following Ecolab's proper notice of termination of the contract.

■ In any event, the language used by the Court adopted portions of defendant's Proposed Instructions Nos. 18 and 19. Defendant's Proposed Instruction No. 18 stated:

If you determine that Ecolab breached the contract for warehousing and delivery services, and that AWD is entitled to damages arising from the breach, you are instructed to consider evidence of damages for the 60 day period *following Ecolab's oral notice of termination to AWD only*. Therefore, you are instructed to disregard evidence that may have been introduced at trial regarding damages beyond that time period. (Emphasis added).

Defendant's Proposed Instruction No. 19 stated:

If you find that Ecolab breached the alleged warehousing and delivery contract, AWD may recover those damages which naturally arise from the breaking of the contract that AWD suffered during the 60 days *following Ecolab's oral notice of termination of the contract.* Those damages are the consequence of breaking the contract which Ecolab had reason to foresee would take place or such damages as may reasonably be supposed to have been contemplated by both parties when they made the contract. (Emphasis added).

The Court combined these two requested instructions and advised the jury as follows:

If you find that one of the controlling terms of the binding contract between the parties was a provision giving defendant Ecolab the right to terminate the contract on sixty days oral[3] notice, and that Ecolab gave proper notice of termination, then you can consider evidence of damages *only* for the sixty day period following Ecolab's proper notice of termination of the contract. (Emphasis added).

Relying on *Cottman v. State Dept. of Nat. Resources*, 51 Md.App. 380, 443 A.2d 638 (1982), defendant Ecolab now argues that it was erroneous for the Court to instruct the jury that damages were limited to the sixty day notice period only if Ecolab had given proper notice under the termination provision.[4] Yet, defendant's own requested instructions included the same language to which defendant now objects. It is much too late for defendant to now have second thoughts concerning the manner in which the Court should instruct the jury.

In any event, this Court is satisfied that, even if erroneous, its instructions did not adversely affect the substantial rights of the defendant and that its failure to give different instructions was not inconsistent with substantial justice. Pursuant to Rule 61, F.R.Civ.P., defendant Ecolab is therefore not entitled to a new trial because of the manner in which the Court instructed the jury.

For all these reasons, it is this _____ day of August, 2000, by the United States

---

**3.** As noted hereinabove, the Court erroneously adopted language proposed by defendant and included in this instruction the word "oral" rather than the correct word "written."

**4.** Ecolab now contends that it was not necessary for it to give AWD notice of its intent to terminate the contract in order for damages to be limited to the sixty day period. However, in its earlier motion *in limine,* Ecolab argued that AWD's lost profits were limited to profits suffered in the 60 day period after November 5, 1998, "since Ecolab gave AWD actual notice of its intent not to go forward ..." (Memorandum dated April 6, 2000, at 4).

District Court for the District of Maryland,

ORDERED that the motion of defendant Ecolab for judgment as a matter of law and for a new trial is hereby denied.