Frieda L. SERGENT, et al., Plaintiffs

v.

ANNE ARUNDEL COUNTY, MARYLAND, Defendant.

Case No. PWG–08–1286.

United States District Court, D. Maryland, Northern Division.

Feb. 3, 2010.

Michael McGowan, McGowan Cecil and Smathers LLC, Laurel, MD, for Plaintiffs.

Hamilton Fisk Tyler, Anne Arundel County, Office of Law, Annapolis, MD for Defendant.

### *MEMORANDUM AND ORDER*

PAUL W. GRIMM, United States Magistrate Judge.

This Memorandum and Order addresses Plaintiffs Frieda L. Sergent, individually and as the personal representative of the Estate of Gene A. Sergent, and John A. Turkette's Motion for New Trial, Paper No. 82; Defendant Anne Arundel County's Opposition to Plaintiff's Motion for New Trial, Paper No. 83. Plaintiff has not filed a reply, and the time for doing so has passed. Local Rule 105.2.a. For the reasons stated herein, Plaintiffs' Motion for New Trial is DENIED. This Memorandum and Order disposes of Paper Nos. 82 and 83.

## I. BACKGROUND

This case concerned an accident at an intersection controlled by a traffic light.

Second Am. Compl. ¶ 7, Paper No. 30. At issue was whether the light was red or green for Anne Arundel County employee Darrell Blount, who was on duty, driving an ambulance for Defendant Anne Arundel County. Answer ¶ 6, Paper No. 12. Plaintiffs alleged negligence, Second Am. Compl. ¶¶ 11–13, 19–21, 23, and Defendant raised the affirmative defense of contributory negligence, Answer ¶ 29.

Defendant requested the following jury instruction:

Gene Sergent was operating the motorcycle at the time of the accident pursuant to a motorcycle learner's permit issued by the Commonwealth of Virginia. An individual holding a motorcycle learner's permit issued in Virginia is permitted to operate a motorcycle only when they are under the immediate supervision of a person licensed to operate a motorcycle who is 21 years of age or older.

Over Plaintiffs' objection, this Court ruled in a December 9, 2009 letter order that it would give the requested instruction. Paper No. 60. The Court reasoned, *id.:*

Gene Sergent had not yet obtained his license and therefore had not yet "demonstrate[d] at least a minimum of special skill," and it is disputed whether, at the time of the accident, he was driving "with all the skill and care the law requires." [*Tri–State Truck & Equip. Co. v. Stauffer*, 24 Md.App. 221, 330 A.2d 680, 685 (1975).] If the jury finds that Gene Sergent was not driving "with all the skill and care the law requires," *id.,* and that the absence of a responsible adult "providing immediate supervision" and "able to assist" him was the proximate cause of the accident, then Gene Sergent's violation of Virginia Code Ann. § 46.2–335(A) is evidence for the jury to consider in determining liability.

Trial was held on December 14 and 15, 2009. In his opening statement, Defense counsel stated that Gene Sergent was driving "illegally," to which Plaintiffs' counsel objected. Further, "the jury ... receive[d] the evidence that the decedent was operating his motorcycle without someone supervising him as required by statute...." Def.'s Opp'n ¶ 3. At the close of the evidence, the Court's instructions to the jury included the aforementioned instruction.

The Court gave the jury a Special Verdict Sheet with two questions:

1. Do you find by a preponderance of the evidence that Defendant Anne Arundel County, through the operation of the vehicle operated by Darrel Blount, was negligent and proximately caused the accident?

Yes ————— No —————
(If your answer to Question 1 is "No", do not answer Question 2. The Foreperson of the jury should sign this Special Verdict Sheet as the unanimous verdict of the jury. If your answer to Question 1 is "Yes", please answer Question 2.)

2. Do you find by a preponderance of the evidence that Decedent Gene A. Sergent was negligent and proximately caused the accident?

Yes ————— No —————

The jury returned a verdict for Defendant, finding that Blount was not negligent and answering Question 1 "No." Notably, it did not reach the issue of whether Gene Sergent was contributorily negligent.

Plaintiffs filed their Motion for New Trial, alleging that the Court's "evidentiary ruling on the violation of the Virginia Statute was prejudicial and incorrect." Pls.' Mem. 1. In Plaintiffs' view, "[i]nforming the Jury that the 20 year old Plaintiff, who was operating a motorcycle, was doing so illegally was tantamount to telling the Jury that he ran the red light and that they should find in favor of the Defendant." *Id.*

Defendant responds that "Plaintiffs simply failed to carry their burden of proof in proving that Darrel Blount was negligent in his operation of the ambulance." Def.'s Opp'n ¶ 2. Defendant points out that "Gene Sergent's negligence was never even considered by the jury" because, having found Blount not negligent, "the jury never reached the consideration of the contributory negligence defense...." *Id.* ¶ 6.

## II. DISCUSSION

■ Fed.R.Civ.P. 59(a)(1)(A) governs motions for new trial following a jury trial. It provides that "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party—... for any reason for which a new trial has heretofore been granted in an action at law in federal court." Whether to grant a new trial "rests within the sound discretion of the trial court but such discretion must not be arbitrarily exercised." *City of Richmond v. Atl. Co.*, 273 F.2d 902, 916 (4th Cir. 1960); *see Atkinson Warehousing & Distrb., Inc. v. Ecolab, Inc.*, 115 F.Supp.2d 544, 546 (D.Md.2000), *aff'd*, 15 Fed.Appx. 160 (4th Cir.2001). The Court must " 'grant a new trial[ ] if ... (1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.' " *Knussman v. Maryland*, 272 F.3d 625, 639 (4th Cir.2001) (quoting *Atlas Food Sys. & Serv., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir.1996)).

■ Notably, an error is insufficient cause for a new trial, unless the error caused prejudice. *See* Fed.R.Civ.P. 61 ("Unless justice requires otherwise, no error in admitting or excluding evidence—or

any other error by the court or a party—is ground for granting a new trial.... At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."); *DePaoli v. Vacation Sales Assocs., L.L.C.,* No. Civ. A. 2:04CV635, 2006 WL 1117799, at *10 (E.D.Va.2006) ("[I]t is only errors that cause substantial harm to the moving party that justify a new trial, and errors that are not prejudicial do not necessitate a new trial."), *aff'd with modification of monetary award,* 489 F.3d 615 (4th Cir.2007); CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE, CIVIL § 2805 (Supp. 2009) (same). Evidentiary errors are harmless if the Court can " 'say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error[s].' " *Taylor v. Virginia Union Univ.,* 193 F.3d 219, 235 (4th Cir.1999) (citations and quotation marks omitted), *abrogated on other grounds as recognized in Hill v. Lockheed Martin Logistics Mgmt., Inc.,* 354 F.3d 277, 284–85 (4th Cir.2004); *see United States v. Heater,* 63 F.3d 311, 325 (4th Cir.1995) (same); *Kotteakos v. United States,* 328 U.S. 750, 765, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946) (same).

Plaintiffs do not suggest that "the verdict is against the clear weight of the evidence," or that it is based upon false evidence. *See Knussman,* 272 F.3d at 639. Plaintiffs' contentions are best characterized as an allegation that upholding the verdict would "result in a miscarriage of justice." *See id.* However, Plaintiffs have not made any arguments that the Court has not considered and rejected already. Nor have Plaintiffs offered any new evidence. Thus, the Court's prior ruling shall stand for the reasons set forth in the December 9, 2009 letter order and at trial. *Accord Dawson v. Page,* 286 F.Supp.2d 617, 625 (M.D.N.C.2003) ("The issues Plaintiffs revisit were raised and evaluated at trial, and the present briefs illuminate these questions no better than the extensive motions *in limine* and subsequent oral arguments that informed the court's decisions. For the reasons stated in the record, the court concludes that its evidentiary rulings do not constitute an abuse of discretion entitling Plaintiffs to a new trial.").

More fundamentally, there was no prejudice. *See* Fed.R.Civ.P. 61. Evidence concerning Gene Sergent's learner's permit was not relevant to whether Blount was negligent, and as noted, the jury based its verdict on its finding that Blount was not negligent. Further, the jury did not reach the issue of whether Gene Sergent was contributorily negligent, and consequently did not answer the second question on the Special Verdict Sheet. Therefore, the jury's verdict was not prejudiced by its knowledge that Gene Sergent had a Virginia motorcycle learner's permit, not a license; the evidence it heard that no one was supervising Gene Sergent at the time of the accident; Defense counsel's statement that Gene Sergent was driving "illegally"; or the instruction that, pursuant to Virginia statute, "[a]n individual holding a motorcycle learner's permit issued in Virginia is permitted to operate a motorcycle only when they are under the immediate supervision of a person licensed to operate a motorcycle who is 21 years of age or older." The verdict was far from "substantially swayed" by the alleged errors; it was completely unaffected by the alleged errors. *See Taylor,* 193 F.3d at 235. Thus, any error would have been harmless and could not be the grounds for granting a new trial. *See id.;* Fed. R.Civ.P. 61.

Plaintiffs' Motion for New Trial is DE-NIED. Plaintiffs' argument is preserved for appellate review.